**Carlos G. WILLIAMS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

**No. 85–1932.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1985.

Decided Feb. 27, 1986.

Roy Gene Sanders, Little Rock, Ark., for appellant.

Mary Beth Suddeth, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Carlos Williams appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Williams claims that he is entitled to habeas relief because he was denied a fundamentally fair trial and effective assistance of counsel. We affirm.

In March 1983, a jury convicted Williams of theft of property. He was found to be a habitual offender and sentenced to twenty years in the Arkansas Department of Correction.

Williams was originally charged with burglary only. The information was amended, the day before trial, to add a charge of theft of property. Williams contends that due to the last minute amendment, his trial was fundamentally unfair. He also contends that counsel was ineffective in failing to move for a continuance to prepare a defense to the theft charge.

■ The Arkansas Supreme Court has stated that an amendment which changes the nature of the charge, in the absence of notice to the defendant, is impermissible. *Harmon v. State*, 277 Ark. 265, 641 S.W.2d 21, 24 (1982). Here, the amendment changed the nature of the charge, but Williams was put on notice of the change one day prior to trial. Although the notice was minimal, his counsel was offered a continuance, but she rejected the offer. Therefore, Williams' trial was not fundamentally unfair due to the amendment, but the question remains whether his counsel was ineffective.

■ In order to prevail on his ineffective assistance of counsel claim, Williams must establish that his attorney failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced by his attorney's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693 (1984). Sufficient prejudice in this context requires a demonstration of the existence of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Thus, assuming that a competent attorney would have asked for a continuance, the question here is whether Williams has demonstrated a reasonable probability that he would have been acquitted had his counsel requested a continuance. We find that he has made no such showing.

The record reveals that defense counsel was aware of all of the evidence against Williams long before the trial date. The original information noted that the burglary was committed with the purpose of committing theft. Counsel was aware that Williams returned stolen merchandise to the owner of the burgled Cold-Spot Dairy Bar in return for payment of $20.00, and that the owner would testify to that fact at trial. Counsel was aware of the witnesses the state planned to call. No new witnesses were needed as a result of the addition of the theft charge. With all of this in mind, defense counsel decided not to request a continuance, presumably believing that time could not assist the effectiveness of her defense. We see no reasonable probability that the outcome would have changed had counsel asked for a continuance. Williams was not prejudiced by his counsel's tactical decision.

Affirmed.